### PARR v. ABBOTT et al.

(Supreme Court, Appellate Division, First Department.   April 14, 1905.)

BROKERS—EMPLOYMENT—EVIDENCE—SUFFICIENCY.

Evidence *held* sufficient to justify a finding that plaintiff's assignor was employed by defendants to procure a purchaser for patent rights owned by defendants.

Ingraham, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Thomas E. Parr against Everett L. Abbott and Charles E. Abbott.   From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. G. Sammis, for appellants.

C. A. Samuels, for respondent.

PATTERSON, J.   This action was brought to recover brokerage commissions which the plaintiff claims were earned by his assignor, Orrin H. Savage, who, he alleges, was hired or employed by the defendants to procure a purchaser for certain patent rights.   It is set forth in the complaint that the service was performed and the commissions thus earned.   The defendants answered separately;   the answer of Charles E. Abbott being, in effect, a general denial, and that of Everett L. Abbott also containing a general denial, but setting up in addition, among other things, that he was the owner of certain patents, and that he, as security for a loan made him by Charles E. Abbott, his brother, made and assigned all the patents to secure his brother for the loan.   At the trial of the cause the issue of fact was presented as to the employment and service.   There was conflicting evidence, and the jury found in favor of the plaintiff, and we see no reason for interfering with their verdict.   So far as the defendant Everett L. Abbott is concerned, the evidence is altogether satisfactory, and the verdict of the jury was fully justified.   The verdict as to the defendant Charles E. Abbott must also be sustained, although the evidence as to him is not so satisfactory.   Letters of the defendant Everett L. Abbott to Savage clearly establish the plaintiff's allegation of employment, and the promise of that defendant to pay the brokerage commission.   It is in evidence that Savage procured a party who was able and willing to buy the patent upon the terms proposed.   The defendant Charles E. Abbott is connected by the proof with the employment of the plaintiff.   He was at one time the assignee of one-half the patent, and held that assignment at the time Savage was negotiating with the purchaser, although the defendant Everett L. Abbott swears that that assignment was abandoned, but there never had been a reassignment.   Savage testified that a purchaser was procured, and he called upon the defendant Everett L. Abbott, who stated that his brother Charles was a partner in the business covered by the patent, and that thereupon he (Savage) went to Charles E. Abbott, who stated that he was half owner of the patent, and had advanced money to his brother to perfect the patented article,

and that he was perfectly willing to have the transaction of purchase carried out as outlined by Savage. Savage then stated to Charles E. Abbott that his commission was 25 per cent., and in the event of a sale he wanted his commission paid in a certain way; that subsequently Charles E. Abbott, a Mr. Boyle, and Savage met, and Charles E. Abbott said he would accept the proposition, but he wanted a certain sum of money in cash. There was enough to go to the jury upon the question of fact of Charles E. Abbott being interested in the patent, authorizing the employment, and assenting to Savage's acting as broker in the premises. As we are of opinion upon the facts that there was enough to go to the jury as to both defendants, it is unnecessary to consider the claim of the plaintiff that the facts are not to be considered for the want of a certificate that the case contains all the evidence. There is nothing in the exceptions of the defendants requiring further consideration.

The judgment and order appealed from should, therefore, be affirmed with costs. All concur, except INGRAHAM, J., who dissents in part.

INGRAHAM, J. I concur as to Everett L. Abbott, but dissent as to Charles E. Abbott.